## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**CHARLES E. ADAMS, JR.**                                                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:05CV-242-S**

**LOUIS B. LAWSON**
**HARDIN COUNTY DETENTION CENTER**                                 **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff filed a *pro se* complaint[1] pursuant to 42 U.S.C. § 1983, alleging a violation of his federal constitutional right to practice religion during his incarceration at the Hardin County Detention Center. He also alleges a violation of the Kentucky Constitution and statutes. Because the plaintiff was a prisoner[2] at the time of filing the complaint and since he is proceeding *in forma pauperis*, the Court must review the instant action under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Asserting federal and state law claims, the plaintiff filed the instant action against Hardin County Detention Center ("HCDC") and its Jailer, Louis B. Lawson, seeking $65,000 for pain, stress, mental anguish, and suffering. As to his federal constitutional claim, the plaintiff alleges

---

[1] The complaint was originally filed in the United States District Court for the Eastern District of Kentucky. Because the plaintiff complains of actions which purportedly occurred during his incarceration in the Hardin County Detention Center, which is located in the Western District of Kentucky, the Eastern District entered an order transferring the action to this Court for all further proceedings.

[2] The record reveals that the plaintiff has been released from incarceration.

that upon his placement in disciplinary segregation at the HCDC on June 13, 2004,[3] until his transfer to the Northpoint Training Center on July 27, 2004, his constitutional right to practice religion was violated. He reports that he is an African-American Muslim and alleges that when he asked the chaplain for "the necessary materials" he needed to practice Islam, he was told that he could not have them and that they were not needed. The plaintiff reports filing several grievances but never receiving a response[4] and reports writing letters to the Kentucky Attorney General, the Executive Director of the ACLU, the Department of Corrections, and the Kentucky Academy of Trial Attorneys but receiving no response. The plaintiff claims that he repeatedly asked to have his unspecified "religious materials"; his requests were repeatedly denied, however, with the reason being that the materials were not necessary.

With respect to his state law claim, the plaintiff contends that his request for a visit with an Islamic leader was denied without explanation. He alleges that the denial "is in violation of Section (5) of the Kentucky Constitution and Kentucky Revised Statu[t]es 441.141 and 441.145."

## II. STANDARD OF REVIEW

Because the plaintiff was a prisoner at the time he filed his complaint and since he is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. §§

---

[3]The plaintiff alleges that prior to being placed in segregation on June 13, 2004, he was in possession of all of his religious materials.

[4]In a supplement to the complaint, the plaintiff more specifically alleges filing a grievance with Captain Alan New and Lieutenant King but never receiving a response. He additionally reports filing a grievance with Officer Gordon, who stated, "We don't give the Christians rugs for them to pray on and you're different." The plaintiff finally reports filing a grievance with Chaplain Vance, who told the plaintiff that he had contacted an Islamic leader, who told him that it was not necessary for the plaintiff to have his religious materials.

1915(e)(2) and 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (indicating that although plaintiff is no longer incarcerated, the court must conduct § 1915A screening because of his prisoner status at the time of filing the complaint). Upon review, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And, this Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To

command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Federal Constitutional Claim

As a preliminary matter, the Court notes that the plaintiff fails to specify in which capacity he sues Jailer Lawson. It is the plaintiff's affirmative duty, however, to plead capacity. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001), *cert. denied*, 536 U.S. 922 (2002). In the present case, the complaint is devoid of any indication that Jailer Lawson has been sued in his individual capacity. And, although "subsequent filings in a case may rectify deficiencies in the initial pleadings," *id.* at 774, the plaintiff's filings after his initial complaint do not suggest that Jailer Lawson is being sued in his individual capacity. Thus, absent indication to the contrary, the Court must presume that Jailer Lawson is being sued in his official capacity. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert denied*, 502 U.S. 883 (1991).

Having made that presumption, the Court advises that if an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, the

plaintiff's official capacity claim against Jailer Lawson is actually brought against the municipality – Hardin County.  Similarly, as the Hardin County Detention Center is not an entity subject to suit, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), the claims against the detention center must also be brought against Hardin County as the real party in interest.  *Id.* (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).  A plaintiff seeking to hold a municipality liable under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).  "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."  *Id.* at 403-04.  "Similarly, an act performed pursuant to a 'custom' that has

5

not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404.

"Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington v. Skeeter*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. at 404) (internal quotation marks omitted). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Cherrington v. Skeeter*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. at 404) (internal quotation marks omitted). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, the plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. He merely complains that his unspecified "religious materials" were taken away from him by unspecified persons upon his placement in disciplinary segregation. The plaintiff fails to allege that other Muslims or any other individuals were denied religious materials upon their placement in disciplinary

segregation, and he fails to allege that the jailer or other policymaking official even knew of the alleged problem. The plaintiff wholly fails to show a direct causal link between any municipal action and the deprivation of any federal right. And, "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

As nothing in the complaint demonstrates that the alleged injury to the plaintiff resulted from the application of any Hardin County policy or custom, *see Bennett v. City of Eastpointe*, 410 F.3d 810, 819 (6th Cir. 2005) ("The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue."), the complaint fails to establish a basis of liability against Hardin County and therefore fails to state a cognizable § 1983 claim. Having determined that the municipality cannot be held liable for the alleged harm, this Court need not address whether the harm was caused by a constitutional violation. The § 1983 claim will thus be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B. State Law Claim

The plaintiff alleges that he was denied a visit with an Islamic leader in violation of the Kentucky Constitution and Kentucky statutes. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over

which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Having dismissed the federal § 1983 claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claim.  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Consequently, the state law claim will be dismissed without prejudice.

      The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
        Defendant
        Hardin County Attorney
4411.005